UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF LOUISIANA
LAKE CHARLES DIVISION

| JASON WALTON            | :   | DOCKET NO. 17-cv-1180      |
| DOC # 477576            |     | SECTION P                  |
|                         |     |                            |
| VERSUS                  | :   | UNASSIGNED DISTRICT JUDGE  |
|                         |     |                            |
| JOHN F. DEROSIER, ET AL.| :   | MAGISTRATE JUDGE KAY       |

**MEMORANDUM ORDER**

Before the court is the civil rights complaint [doc. 1] filed pursuant to 42 U.S.C. § 1983 by plaintiff Jason Walton, who is proceeding *pro se* and *in forma pauperis* in this matter. Walton is an inmate in the custody of the Louisiana Department of Public Safety and Corrections and is currently incarcerated at the David Wade Correctional Center in Homer, Louisiana.

### I.
#### BACKGROUND

Walton alleges that John F. DeRosier, District Attorney for the 14th Judicial District, Calcasieu Parish, Louisiana, and Carla Sigler and Kaitlyn Abshire, employees of the Calcasieu Parish District Attorney's Office ("CPDAO"), have violated his rights under "Brady, and the Due Process Clause of the Fourteenth Amendment" by withholding exculpatory evidence and public records. Doc. 1, p. 3. Specifically, he states that he requested files from the CPDAO three years ago so that he could prepare his application for post-conviction relief, and that that these files contain material evidence supporting his claim of actual innocence. *Id.* However, he maintains that the custodian of records at the CPDAO is arbitrarily and capriciously withholding the files. *Id.* He

now seeks relief through this suit, requesting that the CPDAO be ordered to turn over his file and that he be awarded damages as well as court costs and attorney's fees. *Id.* at 4.

## II.
### LAW & ANALYSIS

### A. *Frivolity Review*

Walton has been granted leave to proceed *in forma pauperis* in this matter. Accordingly, his complaint is subject to screening under 28 U.S.C. § 1915(e)(2), which provides for *sua sponte* dismissal of the complaint or any portion thereof if the court determines that it is frivolous or malicious, fails to state a claim upon which relief may be granted, or seeks monetary relief against a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B)(i)–(iii).

A complaint is frivolous if it lacks an arguable basis in law or fact. *Gonzalez v. Wyatt*, 157 F.3d 1016, 1019 (5th Cir. 1998). A complaint fails to state a claim upon which relief may be granted if it is clear the plaintiff cannot prove any set of facts in support of his claim that would entitle him to relief. *Doe v. Dallas Indep. Sch. Dist.*, 153 F.3d 211, 215 (5th Cir. 1998). When determining whether a complaint is frivolous or fails to state a claim upon which relief may be granted, the court must accept plaintiff's allegations as true. *Horton v. Cockrell*, 70 F.3d 397, 400 (5th Cir. 1995) (frivolity); *Bradley v. Puckett*, 157 F.3d at 1025 (failure to state a claim).

### B. *Section 1983*

Federal law provides a cause of action against any person who, under the color of law, acts to deprive another person of any right, privilege, or immunity secured by the Constitution and laws of the United States. 42 U.S.C. § 1983. Thus the initial question is whether the plaintiff has alleged that his constitutional rights have been violated. If no constitutional violation has been alleged, there is no cognizable claim that would entitle plaintiff to relief. In order to hold the defendants liable, a plaintiff must allege facts to show (1) that a constitutional right has been violated and (2)

that the conduct complained of was committed by a person acting under color of state law; that is, that the defendant was a state actor. *West v. Atkins*, 108 S.Ct. 2250, 2254–55 (1988).

### C. Rule 8

Rule 8 of the Federal Rules of Civil Procedure requires a pleading to contain "a short and plain statement of the claim showing that the pleader is entitled to relief." FED. R. CIV. P. 8(a)(2). Under Rule 8, the complaint must allege "sufficient facts from which the court can determine the existence of subject matter jurisdiction and from which the defendants can fairly appreciate the claim made against them." *Bynum v. Terrebonne Parish Consol. Gov't*, 2011 WL 6654985, at *3 (E.D. La. Nov. 8, 2011) (citations omitted). Accordingly, Walton must amend his complaint to allege:

> (1) A description of what **each** defendant did to violate his rights;
> (2) the place and dates on which these events allegedly occurred;
> (3) the specific nature of the evidence being withheld.

### D. Theories of the Complaint

Walton must also amend his complaint to correct deficiencies specific to the theories under which he is seeking relief.

#### 1. Right to exculpatory evidence/access to record on post-conviction relief

Walton's claims are premised on the theory that *Brady v. Maryland*, 83 S.Ct. 1194 (1963), in which the Supreme Court held that the prosecution's withholding of exculpatory evidence during a criminal trial violated the defendant's Fourteenth Amendment right to due process, also creates post-conviction rights for the defendant. However, the Supreme Court considered and rejected this argument in *District Attorney's Office for Third Judicial District v. Osborne*, 129 S.Ct. 2308 (2009). Instead, the Court held, the states have more flexibility in determining what rights are required on post-conviction relief and a state's post-conviction framework only violates

the convicted offender's right to due process if the consideration of the offender's claim within that framework "offends some principle of justice so rooted in the traditions and conscience of our people as to be ranked as fundamental," or "transgresses any recognized principle of fundamental fairness in operation." *Id.* at 2320–21 (internal quotations omitted). Walton has not alleged the manner in which he made his requests or the reasons offered for denial. Accordingly, he has not provided sufficient information to plead a due process violation under this high standard.

Walton's allegations may also be construed as a claim of denial of access to the courts. However, such a claim requires an actual injury, which a complainant cannot demonstrate without showing the existence of an arguable and non-frivolous underlying action. *Mendoza v. Strickland*, 414 Fed. App'x 616, 619 (5th Cir. 2011) (citing *Christopher v. Harbury*, 122 S.Ct. 2179 (2002)). Walton's conclusory assertions of actual innocence are not sufficient to show that he has arguable and non-frivolous claims for post-conviction relief.

### 2. *Proper party/supervisory liability*

Walton names three individuals as defendants, but only describes actions by one CPDAO employee, the records custodian, who is not identified by name in his complaint. To the extent that Walton cannot allege any personal involvement by the named defendants, as required above, we surmise that he has named them in a supervisory capacity.

Supervisory officials may not be held liable under § 1983 under the doctrine of *respondeat superior*. *See Mouille v. City of Live Oak*, 977 F.2d 924 (5th Cir. 1992). To be liable under § 1983, a supervisory official must be personally involved in the act causing the alleged constitutional deprivation, have failed to train or supervise the officials directly involved in circumstances amounting to deliberate indifference to the plaintiff's rights, or must have implemented a policy so deficient that the policy itself acts as a deprivation of constitutional rights. *Brown v. Bolin*,

500 Fed. App'x 309, 314 (5th Cir. 2012); s*ee also Cozzo v. Tangipahoa Parish Council—President Gov't*, 279 F.3d 273, 289 (5th Cir. 2002). Accordingly, Walton must amend his complaint to show liability by each defendant under one or more of the theories above, or dismiss his claims against them.

### 3. *Attorney's fees*

As part of his request for relief, Walton asks that he be awarded attorney's fees in this matter. Although 42 U.S.C. § 1988(b) allows a prevailing party to recover attorney's fees in a civil rights action, it is well established that pro se litigants may not recover under this section. *Kay v. Ehrler*, 111 S.Ct. 1435, 1437–38 (1991). Accordingly, Walton should amend his complaint to dismiss this request.

### 4. *Statute of limitations*

Finally, as mentioned above, Walton failed to provide the date(s) on which the complained-of events occurred. Federal law governs when a § 1983 action accrues and the limitations period begins to run, but "state law supplies the applicable limitations period and tolling provisions." *Gonzalez v. Seal*, 677 Fed. App'x 918, 921 (5th Cir. 2017) (quoting *Harris v. Hegmann*, 198 F.3d 153, 156–57 (5th Cir. 1999)). Thus, in the Fifth Circuit, a § 1983 action accrues and the limitations period begins to run when the plaintiff knows or has reason to know of the injury that is the basis for the action. *Watts v. Graves*, 720 F.2d 1416, 1423 (5th Cir. 1983). In Louisiana, the applicable limitations period is the one-year period of liberative prescription governing delictual actions. *Hawkins v. McHugh*, 46 F.3d 10, 12 (5th Cir. 1995); *see* LA. CIV. CODE art. 3492. Therefore Walton's claims are subject to a one-year prescriptive period. He must supply the date(s) on which his records requests were denied and any other date on which he believes his claim might have accrued, as well as any grounds for tolling in the event that this action is untimely.

# III.
## CONCLUSION

Walton's pro se complaint is deficient as described above. Before this court can determine the proper disposition of his action, he should be given the opportunity to remedy the deficiencies or dismiss those claims that he cannot remedy. *Bazrowx v. Scott*, 136 F.3d 1053, 1054 (5th Cir. 1998).

Accordingly,

**THE CLERK IS DIRECTED** to mail a copy of this order to Walton at his last address on file.

**IT IS ORDERED** that Walton amend his complaint within thirty (30) days of the filing of this order to cure the deficiencies as outlined above, and dismiss the claims he is unable to cure through amendment.

Failure to comply with this order may result in dismissal of the claims above as frivolous under 28 U.S.C. § 1915 or dismissal of the action under Rule 41(b) or 16(f) of the Federal Rules of Civil Procedure. *See Link v. Wabash R. Co.*, 82 S. Ct. 1386 (1962).

Walton is further required to notify the court of any change in his address under LR 41.3. Failure to do so will result in a recommendation that this action be dismissed without prejudice.

THUS DONE AND SIGNED in Chambers this 28th day of December, 2017.

_____
KATHLEEN KAY
UNITED STATES MAGISTRATE JUDGE